UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RAYSHAWN EDDIE MASSEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:23-CV-00466 RLW |
| ) | |
| MARK TWAIN HOTEL, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on self-represented plaintiff Rayshawn Eddie Massey's application to proceed in the district court without prepayment of fees and costs. The Court has reviewed the application and the financial information in support, and will grant the motion. In addition, for the reasons discussed below, the Court will dismiss plaintiff's complaint for failure to state a claim upon which relief may be granted under 28 U.S.C. § 1915(e)(2)(B).

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed without prepayment of fees and costs if it is frivolous, is malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether

a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

When reviewing a self-represented plaintiff's complaint under 28 U.S.C. § 1915, the Court accepts the well-pled facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). A court will not, however, supply additional facts or construct a legal theory for the self-represented plaintiff that assumes facts that have not been pleaded. *Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004).

## The Complaint

Plaintiff brings this civil action against defendant Mark Twain Hotel, alleging the hotel caused him to be arrested and charged with petty stealing.[1] Plaintiff's allegations are difficult to properly characterize, so the Court will quote the relevant portions:

> That Defendant 1 [the Mark Twain Hotel] did conspire together with Defendant 2 and 3 to cause a the unlawful arrest and charge of petty stealing of a bag lunch over the plaintiff challneges to the residental care and plan of operation of the policies at Mark Twain Hotel. Which caused the local law enforcement to be summioned (unrelated to plaintiff incident) of which the officer illegal intervening into and causing the plaintiff to be arrested for ressisting an officer for failure to provide my ID card after providing such person with my ID the first time.

(ECF No. 1 at 5) (quoted precisely).

Plaintiff states that he was evicted from the Mark Twain Hotel without proper notice "in violation of due process clause of notification and Missouri and Federal laws." (Id.) For relief, plaintiff seeks to have his housing restored, "with all property giving or paid for." (Id.) He also

---

[1] In his complaint, plaintiff refers to Defendant 1, Defendant 2, and Defendant 3. Plaintiff's complaint names only one defendant, however, the Mark Twain Hotel.

seeks an injunction "forcing them to follow due process of laws when evicting any person, and relief from charges file in violation of d[u]e process." (Id.) Plaintiff also seeks loss of property in the amount of $75,000, rent in the amount of $3,890, and punitive damages of $78,000.

**Discussion**

Plaintiff's complaint alleges federal question jurisdiction, the basis of which is the Due Process Clause of the Fourteenth Amendment. Liberally construed, plaintiff brings a § 1983 claim against the Mark Twain Hotel for violating plaintiff's due process rights when it conspired with police to cause his arrest and subsequent eviction from the hotel.

In order to state a claim for relief under 42 U.S.C. § 1983, "a plaintiff must allege sufficient facts to show (1) that the defendant(s) acted under color of state law, and (2) that the alleged wrongful conduct deprived the plaintiff of a constitutionally protected federal right." *Zutz v. Nelson*, 601 F.3d 842, 848 (8th Cir. 2010). To that end, only state actors can be held liable under § 1983. *Carlson v. Roetzel & Andress*, 552 F.3d 648, 650 (8th Cir. 2008); *see also Magee v. Trustees of Hamline Univ., Minn.*, 747 F.3d 532, 535 (8th Cir. 2014) (stating that § 1983 "imposes liability for certain actions taken under color of law that deprive a person of a right secured by the Constitution and laws of the United States"); *Montano v. Hedgepeth*, 120 F.3d 844, 848 (8th Cir. 1997) (stating that pursuant to § 1983, "the challenged conduct must have been committed by one who acts under color of law"); and *Sanders v. Sears, Roebuck & Co.*, 984 F.2d 972, 975 (8th Cir. 1993) (stating that § 1983 secures constitutional rights from government infringement, not infringement by private parties).

When a private party acts under color of state law, it can be held liable under § 1983. *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 590 (8th Cir. 2004). However, a private party may only be held liable "if it is a willful participant in joint activity with the State or its agents." *Gibson v. Regions Fin. Corp.*, 557 F.3d 842, 846 (8th Cir. 2009). In order to state a

claim against a private party under § 1983, the plaintiff "must allege, at the very least, that there was a mutual understanding, or a meeting of the minds, between the private party and the state actor." *Mershon v. Beasley*, 994 F.2d 449, 451 (8th Cir. 1993).

Nothing in plaintiff's complaint suggests any actionable conduct fairly attributable to the state. Plaintiff alleges the Mark Twain Hotel "conspired together with Defendant[s] 2 and 3 to cause the unlawful arrest [of plaintiff] and charge of petty stealing of a bag lunch." As a result of his arrest, plaintiff alleges he was evicted from the hotel without due process of law. Plaintiff has not identified Defendant 2 or Defendant 3.

Plaintiff has alleged no facts from which the Court could find the Mark Twain Hotel conspired with state agents to cause plaintiff's eviction. Plaintiff does not allege any facts to show a mutual understanding or "meeting of the minds" between the hotel and any state actors. The Court will not supply additional facts for plaintiff or assume facts that have not been pleaded. *Stone*, 364 F.3d at 914-15. Even if the Court were to assume that Defendants 2 and 3 are law enforcement officers, plaintiff does not allege any facts to show a mutual understanding or "meeting of the minds" between the hotel and any state actors.

Nor does plaintiff allege any facts from which the Court could find his arrest unlawful.[2] Because the Court can find no state action and no deprivation of any constitutional right, plaintiff's § 1983 complaint against defendant the Mark Twain Hotel will be dismissed on initial review under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief may be granted.

---

[2]The Court searched Case.net, Missouri's online case management system, but could not find any information regarding plaintiff's alleged arrest and criminal charge.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's application to proceed in the district court without prepaying fees or costs is **GRANTED** and plaintiff's filing fee is waived.  [ECF No. 2]

**IT IS FURTHER ORDERED** that plaintiff's complaint is **DISMISSED without prejudice**.

An Order of Dismissal will accompany this Memorandum and Order.

*Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this 23rd day of June, 2023.